**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 8, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-30929

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONNIE W. VALENTINE, JR.,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CR-10009-1

_____

Before JOLLY, DUHÉ, and STEWART, Circuit Judges.

PER CURIAM:[*]

The judgment of the district court is AFFIRMED. Assuming that the late disclosure of the subject information constituted a violation of Brady v. Maryland, 373 U.S. 83 (1963), or Giglio v. United States, 405 U.S. 150 (1972), we are unconvinced that the government's failure to disclose until after trial had begun in any way prejudiced the defendant or affected the outcome. United States v. Neal, 27 F.3d 1035, 1050 (5th Cir. 1994).

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We also AFFIRM the district court's enhancement of the defendant's sentence for his aggravating role in the offense. U.S. SENTENCING GUIDELINES MANUAL § 3B1.1(c); <u>United States v. Valencia</u>, 44 F.3d 269, 272 (5th Cir. 1995). Finally, we lack jurisdiction to consider the district court's denial of Valentine's request for a downward departure. <u>United States v. Brace</u>, 145 F.3d 247, 263 (5th Cir. 1998)(en banc).

AFFIRMED.